**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathon L. Barrett, | No. CV-22-01731-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Milwaukee, et al., | |
| Defendants. | |

Plaintiff Johnathon Barrett has filed a pro se civil rights Complaint pursuant to Title VII of the Civil Rights Act and the Americans with Disabilities Act ("ADA"). Plaintiff moved to proceed in forma pauperis, and the Court granted the motion (Doc. 9). Therefore, the Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Complaint is dismissed without prejudice on several bases.

**BACKGROUND**

Plaintiff filed this action on October 11, 2022, alleging discrimination under Title VII and the ADA related to an incident or series of incidents at his workplace beginning on August 11, 2020. Plaintiff was employed by the City of Milwaukee's Department of Public Works ("DPW"). In his Complaint, he names five defendants: the City of Milwaukee DPW, Dan Thomas (DPW Administrative Services Director), Sharon Garrison (DPW Safety Coordinator), Jeff Smith (DPW District Manager) and Roger Davidson (DPW Safety Coordinator Manager). He alleges that supervisors required him to submit

to drug tests despite having requested excusal for a doctor's appointment. He further alleges that he was disciplined shortly thereafter and issued several other drug tests and breathalyzer tests. Plaintiff filed a charge with the EEOC at some point after the incidents, however, his Complaint does not state when he filed the charge. On July 13, 2022, the EEOC issued a right to sue letter.

## DISCUSSION

### I. Legal Standard

District courts must screen civil actions filed in forma pauperis to ensure that the complaint states a claim, is not frivolous, and does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A frivolous complaint is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### II. Analysis

#### A. Exhaustion

To bring a Title VII or ADA lawsuit, a plaintiff must first exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge with the Equal Employment Opportunity Commission (EEOC). *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1053-54 (9th Cir. 2006). The plaintiff must file a charge with the EEOC within 180 or 300 days of the alleged discriminatory or retaliatory act.[1] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Once the agency issues a right to sue letter, the complainant must file an action in federal district court within 90 days. 42 U.S.C. § 2000e-16(c). Exhaustion of administrative remedies is a "condition precedent" to an ADA or Title VII action, and absent waiver or estoppel,

---

[1] "In a State having an entity authorized to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file a charge within 300 days of the employment practice; in all other States, the charge must be filed within 180 days." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 101-02. Because Plaintiff's Complaint does not state whether he filed a claim with the Arizona Civil Rights Division, it is not clear whether the 180-day or 300-day requirement applies.

- 2 -

failure to exhaust remedies is a ground for dismissal. *See Zipes*, 455 U.S. at 393.

The Court cannot determine that the EEOC charge was timely because Plaintiff did not fill in the blank on the form asking when he filed his EEOC charge for the discriminatory conduct at issue. (Doc. 1 at 6.) The Complaint only concerns events occurring on August 11, 2020, and August 14, 2020. (Doc. 1 at 5.) The 180-day time period thus would have expired on Monday, February 8, 2021, and the 300-day time period would have expired on June 7, 2021. Plaintiff received a right to sue letter on July 13, 2022. While it is plausible that Plaintiff timely filed the EEOC charge, the Complaint does not present facts for the Court to reach that conclusion. As to the ADA and Title VII claims, Plaintiff fails to show that the claims are exhausted and thus fails to state a claim on which relief can be granted.

**B.  18 U.S.C. § 242**

Plaintiff also seeks to bring a claim under 18 U.S.C. § 242. This is a criminal statute, which imposes criminal liability for civil rights violations. The Plaintiff is seeking damages in this case, and this statute does not provide such a basis for relief. The statute provides only for criminal remedies or penalties and may not be used as a basis for a civil action for damages. *See, e.g.*, *Dodge v. Nakai*, 298 F. Supp. 17, 23 (D. Ariz. 1968); *Sinchak v. Parente*, 262 F. Supp. 79, 82 (W.D. Pa. 1966) (finding that 18 U.S.C. § 242 does not support a civil action for damages). Because no civil cause of action exists under this statute, Plaintiff fails to state a claim under 18 U.S.C. § 242.

**C.  Individual Defendants**

The Complaint fails to state a claim under Title VII against the individual defendants. The Ninth Circuit has "consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003). Thus, the individuals are not subject to liability under Title VII. The Complaint also fails to state a claim under the ADA against the individual defendants. The Ninth Circuit has held that the ADA provides only for employer liability, not individual liability. *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1038.

1    As such, the individuals are not subject to liability under the ADA.

### D. Personal Jurisdiction

A court may also dismiss a case as frivolous under 28 U.S.C. § 1915(e)(2) when a complaint fails to set forth a basis for the Court to exercise personal jurisdiction. *See Soares v. Hayes*, No. 18-cv-04325, 2018 WL 6615149, at *2 (D. Ariz. Oct. 11, 2018). The Due Process Clause of the Fourteenth Amendment limits the Court's exercise of personal jurisdiction over a nonresident defendant to cases where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Int'l Shoe v. Washington Off. of Unemployment Comp & Placement*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). A plaintiff may rely on either "general jurisdiction" or "specific jurisdiction" to show personal jurisdiction over a defendant. *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Plaintiff's complaint fails to allege facts supporting general or specific personal jurisdiction. General personal jurisdiction requires a defendant to "engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (cleaned up). The defendants here are the City of Milwaukee and three city employees. The City of Milwaukee cannot be considered to maintain physical presence in Arizona because it is located in Wisconsin and Plaintiff's complaint does not suggest that the City conducts business in Arizona in a systematic or continuous manner. Additionally, Plaintiff did not include addresses for any of the individual defendants such that the Court could conclude that they are domiciled or maintain physical presence in Arizona. As such, no facts suggest that this Court would have general personal jurisdiction over defendants.

Specific personal jurisdiction is based on the "minimum contacts test," which requires that (1) the defendant "purposefully direct his activities" or "avail himself" of the forum state's laws, (2) the plaintiff's claim "arises out of or relates to the defendant's

forum-related activities," and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 801-02. The Complaint does not allege that any of the defendants have any contacts with Arizona. Moreover, all the relevant events to this claim appear to have taken place at the Plaintiff's place of business, presumably in Milwaukee, Wisconsin. Therefore, it does not appear that defendants have any forum-related activities and, even if they did, the claim does not appear to arise out of forum-related activities. As such, the complaint does not allege any facts that would support personal jurisdiction.

### E. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez*, 203 F.3d at 1130-31. Because Plaintiff could plausibly cure the defects at least as to the Title VII and ADA claim, he is granted leave to amend to the extent that he can cure the deficiencies outlined in this Order. If Plaintiff fails to file an amended complaint within 30 days of the entry of this Order, the action shall be dismissed. If Plaintiff elects to file an amended complaint, he should clearly designate on the face of the document that it is the "First Amended Complaint."

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice. Plaintiff shall have 30 days from the entry of this Order to file an amended complaint. An amended complaint should cure the deficiencies outlined in this Order and should clearly state on the face of the complaint that it is the "First Amended Complaint."

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court is directed to dismiss the action without prejudice.

Dated this 10th day of July, 2023.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge